UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MATT LANGFORD,

    Plaintiff,

v.                                                 Case No. 8:18-cv-2812-T-MAP

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

## ORDER

This is an appeal of the Social Security Administration's (SSA) final decision terminating Plaintiff's disability insurance benefits (DIB).[1] *See* 42 U.S.C. § 405(g). Plaintiff argues substantial evidence does not support the Administrative Law Judge's (ALJ) determination that he experienced work-related medical improvement as of January 1, 2013, and is no longer disabled. Plaintiff also contends the ALJ erred in assessing his residual functional capacity (RFC) for a full range of light work. After considering Plaintiff's arguments, Defendant's response, and the administrative record, I find the ALJ did not apply the proper standards, and her decision is not supported by substantial evidence (docs. 13, 25). I remand.

    *A. Background*

On May 31, 2006, when Plaintiff Matt Langford was 34 years old, an ALJ found Plaintiff disabled due to "uncontrollable insulin-dependent diabetes mellitus and cognitive disorder." (R. 20) Years later, in accordance with regulations, the agency reevaluated Plaintiff's entitlement to benefits, and on January 9, 2013, the agency determined Plaintiff's disability had ceased on

---

[1] The parties have consented to my jurisdiction. *See* 28 U.S.C. § 636(c).

1

January 1, 2013. (*See* R. 18) Although the ALJ (a different ALJ than the one who made the initial disability determination) upheld this decision after a hearing, the Appeals Council remanded it to the ALJ. After a second hearing, the ALJ again found that Plaintiff's disability ended on January 1, 2013, and that Plaintiff has not become disabled again since that date. (R. 18) Plaintiff was 45 years old in January 2018, when the ALJ determined that Plaintiff was no longer disabled and terminated his benefits. Plaintiff is a high school graduate with one year of community college. He has past work experience as a roll tender at a paper board converting plant. (R. 47)

In the decision at issue in this appeal, the ALJ concluded Plaintiff had medically improved since his last comparison point decision (CPD)[2] in May 2006, and has the residual functional capacity (RFC) to perform light work except:

> [Plaintiff] is precluded from climbing ladders, ropes and scaffolds, can occasionally climb ramps and stairs, and frequently balance, stoop, kneel, crouch, and crawl. He is limited to occasional overhead reaching with the right-upper dominant extremity, and can only have occasional exposure to extreme cold and heat, humidity, fumes, dusts, odors, gases, and poor ventilation, as well as occasional exposure to hazards, such as moving mechanical parts of equipment, tools, or machinery. In addition, the claimant is limited to understand, carry out, and remember, simple instructions in two-hour increments, sufficiently enough to complete an eight-hour workday in an environment that does not have fixed production quotas, and with only occasional changes in the work setting ad occasional interaction with the general public.

(R. 24) The ALJ found that, with this RFC, Plaintiff could work as a stock checker, marker, and office cleaner. (R. 32) Consequently, the ALJ concluded Plaintiff was no longer disabled and terminated his benefits. The Appeals Council denied review of this second ALJ decision. Plaintiff, having exhausted his administrative remedies, filed this action.

---

[2] A CPD is the most recent final agency decision holding that the claimant is disabled. The parties agree the May 2006 decision is the applicable CPD.

*B. Standard of Review*

An ALJ typically follows a five-step sequential inquiry when deciding whether an individual is disabled. The ALJ must determine whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. § 404.1520. Courts review the Commissioner's final decisions to determine if they are supported by substantial evidence and based on proper legal standards. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). Substantial evidence consists of "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* (quotations omitted). The claimant bears the burden of persuasion through step four, and at step five the burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

A claimant's continued entitlement to disability benefits must be reviewed periodically. 20 C.F.R. § 404.1594(a). And when an ALJ is determining whether a disability has ended, the regulations mandate following a different sequential inquiry. *See* 20 C.F.R. § 404.1594(f). This sequential inquiry requires an ALJ to determine:

(1) Whether the claimant is engaged in substantial gainful activity;

(2) If not gainfully employed, whether the claimant has an impairment or combination of impairments which meets or equals a listing;

(3) If impairments do not meet a listing, whether there has been medical improvement;

(4) If there has been improvement, whether the improvement is related to the claimant's ability to do work;

(5) If there is improvement related to a claimant's ability to do work, whether an exception to medical improvement applies;

(6) If medical improvement is related to the claimant's ability to do work or if one of the first group of exceptions to medical improvement applies, whether the claimant has a severe impairment;

(7) If the claimant has a severe impairment, whether the claimant can perform past relevant work; and

(8) If the claimant cannot perform past relevant work, whether the claimant can perform other work.

*See* 20 C.F.R. § 404.1594(f); *Gombash v. Comm'r of Soc. Sec. Admin.*, 566 F. App'x 857, 858-59 (11th Cir. 2014). In a cessation of benefits case, the burden is on the Commissioner to prove that the claimant is no longer disabled as of the cessation date because the Plaintiff has experienced "medical improvement." *Olivo v. Colvin*, No. 6:16-cv-259-Orl-40JRK, 2017 WL 708743, at *2 (M.D. Fla. Jan. 30, 2017).

    C. *Discussion*

        1. *Medical improvement*

Plaintiff's first argument is that substantial evidence does not support the ALJ's decision that he experienced medical improvement between May 2006 (the date of his CPD), and January 1, 2013 (his disability cessation date). The regulations define medical improvement as "any decrease in the medical severity of [the claimant's] impairment(s) which was present at the time of the most recent favorable medical decision that [he] [w]as disabled . . . ." 20 C.F.R. § 404.1594(b)(1). A finding that there has been a decrease in medical severity "must be based on changes (improvement) in the symptoms, signs and/or laboratory findings associated with [the

claimant's] impairments." *Id*. More specifically, to determine if there has been medical improvement, the Commissioner must compare the medical evidence supporting the most recent final decision holding that the claimant is disabled with new medical evidence. *McAulay v. Heckler*, 749 F.2d 1500, 1500 (11th Cir. 1985); *Klaes v. Comm'r of Soc. Sec. Admin.*, 499 F. App'x 895, 896 (11th Cir. 2012); *see* 20 C.F.R. § 404.1594(c)(1). To this end, a CPD is "the most recent favorable medical decision . . . involving a consideration of the medical evidence and the issue of whether you were disabled or continue to be disabled which became final." 20 C.F.R. § 404.1594(b)(7). The regulations require an ALJ to compare a claimant's CPD with his current medical condition to determine if there has been medical improvement in the claimant's impairments since the CPD and, if so, whether the medical improvement is related to the claimant's ability to work. 20 C.F.R. §§ 404.1594(a), (b)(1).

The Eleventh Circuit has emphasized that a cursory comparison is insufficient; the ALJ must "actually compare" the new evidence to the evidence upon which the claimant was originally found to be disabled. *Freeman v. Heckler*, 739 F.2d 565, 566 (11th Cir. 1984); *see also Vaughn v. Heckler*, 727 F.2d 1040, 1043 (11th Cir. 1984). Without a comparison of the old and new evidence, there can be no adequate finding of improvement. *Id*. Indeed, the failure to make such comparison requires reversal and remand for application of the proper legal standard. *Id*.; *see Klaes*, 499 F. App'x at 896 (citing *Vaughn* and noting that, if the ALJ ails to evaluate the prior medical evidence and make the comparison to the new evidence, courts must reverse and remand for application of the proper legal standard).

In Plaintiff's case, the ALJ failed to engage in the proper comparison of the original medical evidence and new medical evidence. The ALJ found that "[t]he medical evidence supports a finding that, by January 1, 2013, there had been a decrease in medical severity of the impairments

5

present at the time of the CPD." (R. 22) The ALJ's mere reference to the CPD in setting forth her findings does not equate to a comparison of the original medical evidence and the new medical evidence required to make a finding of medical improvement. *See Freeman*, 739 F.2d at 566; *Jasper v. Colvin*, No. 8:16-cv-727-T-23AEP, 2017 WL 655528, at *4 (M.D. Fla. Jan. 31, 2017) (report and recommendation), *adopted at* 2017 WL 638389 (Feb. 16, 2017).

In support of her step three finding, the ALJ primarily relied on post-CPD medical records dating from 2011 through 2016, despite that Plaintiff's CPD and many of the records on which it was based are contained in the current administrative record. The following is the entirety of the ALJ's discussion of Plaintiff's medical improvement:

> According to a July 2012 physical examination at Health Now Urgent Care, the claimant exhibited no neurological deficiencies, including no numbness or tingling sensations, no tremors, no weakness or imbalance, no burning or lancinating pain in the feet, no loss of sensation, no paresthesias or peripheral neuropathy, and no trouble with coordination (Ex.B4F/2). Similarly, records from Gulfcoast Endocrine and Diabetes Center from January 2013 indicate that a physical exam revealed no abnormal vascular abnormalities, and no clubbing, cyanosis or edema, and only absent bilateral Achilles' sensation (Ex.B13F/3).
>
> With regard to his cognitive disorder, the claimant underwent a psychological consultative evaluation in January 2013, where he was administered the Wechsler Memory Scale (WMS-IV) test. While he showed some deficits with short-term memory, he exhibited some strength on measures of attention and concentration and delayed memory skills (Ex.B8F/4). Nine months later, the claimant was evaluated by Dr. Girard P. Sison, where a mental status exam revealed intact cognition with full orientation, intact memory, and average intellectual functioning.

(R. 22-23) Tellingly, the medical records the ALJ references in this section all post-date Plaintiff's CPD by at least six years, belying the Commissioner's argument that the ALJ conducted a meaningful review of the old and the new evidence. The only reference to the original medical evidence I can find is in another section of the ALJ's decision, where she cites Plaintiff's 2003 treatment at University Orthopedic Clinic for carpal tunnel syndrome. (R. 23) Unsurprisingly, the

ALJ determined this impairment is non-severe – after all, in the CPD, the first ALJ reached this same conclusion.  In the section of her opinion assessing Plaintiff's RFC, the ALJ states, "*[a]s previously discussed in the prior decision*, the evidence of record shows that despite the claimant's allegations of continued disability due to his long history of uncontrollable diabetes, progress notes show that he did not seek regular outpatient treatment, or was otherwise non-compliant with his prescribed therapy." (R. 25, emphasis added)  In this context, the "prior decision" the ALJ referenced is her first decision (vacated and remanded by the Appeals Council), not the CPD.[3]

As Plaintiff points out, the administrative record contains much of the original medical evidence (doc. 25 at 17-19).  Nonetheless, the ALJ does not cite to it.  Put differently, at step three, the ALJ did not substantively compare the prior and current medical evidence to determine whether it showed changes in the symptoms, signs, or laboratory findings associated with Plaintiff's impairments, as required by 20 C.F.R. § 404.1594(c)(1) and Eleventh Circuit precedent.  Accordingly, the Commissioner has not met his burden of proving Plaintiff is no longer disabled.[4]  Given that the ALJ's decision did not apply the proper legal standards, the decision of the Commissioner is reversed and remanded for further administrative proceedings to apply the proper

---

[3] Although the Appeals Council's remand order did not specifically address the ALJ's finding in her first decision that Plaintiff had experienced medical improvement, it vacated the ALJ's first decision in its entirety and noted "if the adjudicator determines that the initial medical cessation was correct, he or she will determine whether the beneficiary has again become disabled at any time through the date of his or her determination or decision because of a worsening of an existing impairment or the onset of a new impairment." (R. 153)

[4] The Commissioner suggests it is Plaintiff's burden to prove his continuing disability (*see* doc. 25 at 24-25).  This is incorrect.  "When considering a continuation of termination or cessation of benefits, . . . the burden is on the Commissioner to prove to prove the claimant is no longer disabled as of the cessation date because the Plaintiff had experienced 'medical improvement.'" *Townsend v. Comm'r of Soc. Sec.*, No. 6:13-cv-1783-Orl-DAB, 2015 WL 777630, at *3 (M.D. Fla. Feb. 24, 2015).

7

legal standards in determining whether Plaintiff experienced medical improvement. I need not address Plaintiff's second argument that the ALJ erred in assessing his RFC.

*D. Conclusion*

For the reasons stated above, the ALJ's decision is not supported by substantial evidence. It is ORDERED:

(1) The ALJ's decision is REVERSED AND REMANDED for further administrative proceedings consistent with this Order; and

(2) The Clerk of Court is directed to enter judgment for Plaintiff and close the case.

DONE and ORDERED in Tampa, Florida on January 17, 2020.

MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE